## Malone, Appellant, *v.* Franklin Grocery Co.

*Contract—Sale—Bill of sale—Passing of title.*

The delivery of a bill of sale of personal property does not necessarily pass the title to the goods, inasmuch as it is little more than a receipt.   If the purchaser of the goods is told when the bill is delivered to him that it is not effective, and will not go into effect until it is paid, and he promises to pay it right away, the title to the goods covered by the bill of sale will not pass until the bill is paid.

In such a case parol testimony is admissible as to what occurred when the bill of sale was delivered.

Argued Nov. 14, 1916.    Appeal, No. 71, Oct. T., 1916, by plaintiffs, from judgment of C. P. Lancaster Co., Aug. T., 1914, No. 37, on verdict for defendant in case of John E. Malone and James H. Cleaver, Executors of Joseph Haefner v. Franklin Grocery Co.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Reversed.

Sheriff's interpleader to determine ownership of personal property.   Before HASSLER, J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant for $1,000.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*John E. Malone,* for appellant.

*B. F. Davis,* with him *James B. Mercer,* for appellees.

OPINION BY WILLIAMS, J., March 9, 1917:

In a sheriff's interpleader to determine the ownership of the goods in an hotel, attached as the property of one Killian, and claimed as the property of the owner of the hotel, Joseph Haefner, the facts as shown by the plaintiff were that on December 16, 1904, Haefner leased the hotel, with its furniture, to Killian; that the lease contained a provision that Killian was to have the privilege of rerenting for another year from April 1, 1906, on condition that he purchase the personal property therein for $3,000; that in pursuance of this lease Joseph Haefner had Amos E. Burkholder, Esq., prepare a bill of sale

for the goods and on March 14, 1906, he signed it; that when he delivered it to Killian, Burkholder said: "I told him that the bill of sale was not effective, and should not go into effect until it was paid, and he said he would pay it right away."

Haefner also testified that nothing had been paid on the $3,000; Killian testified that he had given a note for it. Killian continued as tenant under renewals endorsed upon the original lease until 1912, when Haefner, being unable to get his rent from Killian, leased the premises with its contents to one Phillips. In 1907 considerable alteration was made in the hotel and subsequently a large amount of the furniture in dispute was installed. The Killians testified that they had bought this furniture. Haefner denied this and asserted that he bought it.

The court directed a verdict for the defendant, saying: "There is a bill of sale given by Mr. Haefner to Killian of all the goods involved here, and that we think puts title in Killian, so that the defendants had a right to levy on them as the goods of Killian,......"

The court below erred in this conclusion. A bill of sale is little more than a receipt. The testimony relating to the alleged conditional delivery was competent. It amounts to a denial of the validity of the instrument on the ground of failure of consideration. In Gandy v. Weckerly, 220 Pa. 285, Brown, J., said (289): "The inducing promise of the appellee was not intended to be incorporated in the note any more than the stock consideration which the appellant received, but, when the promise was broken, the right of the maker was to defend on its breach, for the same reason that he could defend for failure of consideration......Failure of consideration is, nevertheless, a defense, and so is a broken promise, if it induced the obligation."

Whether the bill of sale became operative; whether the furniture bought after 1907 was purchased by Haefner or Killian; and the alleged admission of the Killians

that the property belonged to Haefner, were matters for the jury. On a retrial of the case, the limitations placed by Moschzisker, J., in Thompson v. Schoch, 254 Pa. 585, upon the admissibility and weight of parol testimony to vary or contradict a written instrument should be carefully explained to the jury.

The judgment is reversed with a venire facias de novo.

Porter, J., dissents.