# Stephenson *v.* Colonial Life Insurance Co. of America, Appellant.

*Insurance—Life insurance—Fraud by manager—Payment of death benefits—Two innocent persons.*

Where a life insurance company sends its local manager a check to the order of the widow of an insured, in payment of a death benefit and the manager by misrepresentations retains control over the money so as to make the widow receipt for more than the amount which she actually received from him, and to sign a paper which the manager told her usually accompanied a settlement the company must stand the loss, because of its liability for a fraud made possible by the system adopted by it to safeguard itself in the payment of money.

Submitted May 1, 1917. Appeal, No. 101, April T., 1917, by defendant, from judgment of C. P. Allegheny Co., April T., 1914, No. 2620, on verdict for plaintiff in case of Catherine E. Stephenson v. The Colonial Life Insurance Company of America. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover in the county court a balance alleged to be due on a policy of life insurance.

From the record it appeared that the plaintiff recovered in the county court a judgment for $191.50. On appeal the case was tried before CARNAHAN, J., in the Common Pleas, and a verdict and judgment for plaintiff was rendered for $216.25. The facts are stated in the opinion of the Superior Court.

*Error assigned* was in refusing binding instructions for defendant.

*D. C. Jennings and W. K. Jennings,* for appellant.

*John D. Watson,* for appellee.

OPINION BY WILLIAMS, J., July 13, 1917:

Plaintiff's husband was insured in defendant company. He died July 15, 1912, and notice thereof was given to J. L. Lee, the defendant's agent in Pittsburgh. August 12, 1912, defendant wrote plaintiff: "We advise you that we have this day forwarded to Manager Lee, of our Pittsburgh Office, Fulton Building, check for delivery to you to the amount of $1,000, in payment in full of all claims under policy No. 17636, terminated by the death of Joseph B. Stephenson." August 15, plaintiff signed a receipt for $1,000 in payment of the amount of the policy. The check was returned to the defendant company endorsed, inter alia, "Catherine Stephenson" and "J. Lander Lee." August 30, 1912, defendant received the following letter signed by the plaintiff: "I hereby acknowledge the remittance of the insurance on the life of my late dear husband, J. B. Stephenson, for which accept my sincere thanks and best wishes for the continued success of the Colonial Life Insurance Co."

Plaintiff, averring that she had received but $825, brought suit for the balance. At the trial she testified that Lee gave her $800, and told her "the company was short at Pittsburgh and that $800 was all he had in the office"; that she signed the receipt before she got the money, and wrote the letter of acknowledgment because he told her it was customary to do so; that he subsequently paid her $25 more. She denied that she had loaned him any of the money although he had requested her to do so, and she denied that she had endorsed the check.

The defense was that plaintiff had loaned the money to Lee and that she had not been deceived as to her rights under the policy and the custom of payments. This raised a question of fact which was found in favor of the plaintiff. The court refused a motion for judgment n. o. v. and judgment was entered for plaintiff. Hence this appeal.

It may be conceded the parties were innocent of wrong

doing and that both acted in good faith. The loss arose from the fraud of Lee, who has since been discharged and has disappeared. Under the circumstances one of two innocent parties must suffer and the one most responsible for making possible the fraud must bear the loss. The check was sent not to the plaintiff, but to the defendant's manager. The only conclusion that can be drawn is that defendant, through its agent, retained control over the money to make plaintiff sign the papers which usually accompany a settlement. Plaintiff is not estopped from questioning her receipt for her testimony discloses a partial failure of consideration which may always be shown: Malone v. Franklin Grocery Co., 65 Pa. Superior Ct. 586. If the defendant had sent the check to plaintiff and she had given it to Lee for collection the cases cited by the appellant might be applicable. There is very little difference in fact and none in principle between this case and Powell v. Old Hickory B. & L. Assn., 252 Pa. 587. There the borrower signed a receipt by means of which the wrongdoer got possession of the money and embezzled it, yet the Supreme Court held that as the actual money was not paid to the borrower but to the conveyancer, who was to see to its distribution, the association made him its agent to an extent which cast the loss upon it.

We are not dealing with the defendant's liability for the authorized act of its agent, but with its liability for a fraud made possible by the system adopted by it to safeguard itself in the payment of money. The only question of fact in dispute was properly submitted to the jury in a charge as favorable to the defendant as it could have hoped for.

The judgment is affirmed.