# Kuehn, Appellant, *v.* Kalisch et ux.

*Judgments—Opening of judgments — Advance payment — Sufficiency of evidence.*

An application to open a judgment is addressed to the sound discretion of the court and, if there is sufficient proof to move a chancellor to act, the appellate courts will not reverse except in cases

590      KUEHN, Appellant, *v.* KALISCH et ux.

of manifest error. The discretion of a chancellor is not abused and an order opening a judgment, on petition for a rule to open a con-fessed judgment, alleging payment, will not be reversed, where there was evidence that the petitioner had paid $950 on a judgment note of $1,000 to an alleged agent of the judgment creditor.

Argued May 2, 1919. Appeal, No. 144, April T., 1919, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1918, No. 151, opening judgment in the case of Edward Kuehn v. John Kalisch and Mary Kalisch, his wife. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Rule to open judgment, entered by confession on a judgment note.

The facts appear in the opinion of the Superior Court.

The court made absolute the rule to open the judgment. Plaintiff appealed.

*Error assigned* was the order of the court.

*A. E. Weger,* for appellant.

. *H. D. Montgomery,* of *Prichard, Trent & Montgomery,* for appellee.

OPINION BY WILLIAMS, J., July 17, 1919:

This is an appeal from an order making absolute a rule to open judgment confessed on a bond accompanying a mortgage.

Defendants' petition admitted the execution of the bond and mortgage to secure a loan of $1,000, and averred that, at the execution thereof, it was agreed that part payment could be made on the principal to Weiter-shausen as plaintiff's agent at any interest period; in pursuance of this arrangement, defendants paid him $950 on the principal and tendered the balance with interest to plaintiff; wherefore, the judgment was unlawfully entered on the bond.

KUEHN, Appellant, *v.* KALISCH et ux. 591

Plaintiff's answer averred it was neither understood nor agreed, Weitershausen should be his agent to receive either principal or interest; nor that he would accept part payment as alleged; he had no knowledge of the payments alleged but had received the interest from Weitershausen as defendants' agent.

The court had power to open the judgment if there was proof sufficient to move a chancellor to act. Was there proof that Weitershausen had authority to receive part payments of principal as Kuehn's agent?

Mrs. Kalisch testified she bought a property and as part of the settlement gave the bond and mortgage to Kuehn; judgment was subsequently entered on the bond; those present at the settlement were Weitershausen, Mrs. Schmitt, Weger, Kalisch, Kuehn and herself; she borrowed the money from Kuehn through his agent, Weitershausen; it was arranged at the settlement that the mortgage could be paid by part payments to Weitershausen; she paid him $950 in addition to interest at various times, and tendered Kuehn the balance due before judgment was entered and he refused to accept it; when $750 had been paid to Weitershausen on the principal, Kuehn wrote defendants not to pay any more money to Weitershausen, who told Mrs. Kalisch not to pay any attention to the notice; she subsequently paid an additional $200 to Weitershausen; Kuehn made no objection to the method of paying interest until he wrote the letter above referred to.

Katherine Schmitt testified that the question of payment of the mortgage debt was discussed at the settlement and Kuehn made no objection to the partial payments arranged for, and she understood that Weitershausen was to receive the money.

Kalisch testified that Kuehn made no objection to the partial payments in reduction of the debt.

Plaintiff's testimony was that no agreement to accept part payment was entered into; Weitershausen was not authorized to receive either principal or interest for him;

no part of the $950, received by Weitershausen, had been paid to him, but he admitted the receipt of interest payments from Weitershausen and the writing of the letter notifying defendants not to pay any more money to Weitershausen.

Weger testified nothing was said at the settlement about the reduction of the mortgage by part payments, nor how the interest was to be paid.

Weitershausen testified he received the payments of both principal and interest, but never paid any of the principal to Kuehn; he had no authority to act for Kuehn, that is, no written authority.

A jury could find for defendants under the evidence; Mrs. Kalisch's testimony, while couched in the form of a conclusion, would have sustained a finding that Weitershausen was Kuehn's agent; she was corroborated in some respect by Mrs. Schmitt and Mr. Kalisch; the circumstance, that Kuehn thought it necessary to notify the mortgagors not to pay any more money to Weitershausen, is corroborative of the existence of the relation of principal and agent in the transaction. We do not say the jury would, or should, find for defendants under the testimony, but merely that it could so find.

It would be futile to refer to any of the cases, on the subject of the amount of evidence necessary to move a chancellor to open a judgment, except McCormick v. Bickerton, 251 Pa. 466, in which judgment, confessed on a mortgage bond as in this case, was opened on a plea of payment, and the jury found for the defendant. The Supreme Court sustained the finding of the jury, although the testimony of the one witness, who sought to prove payment, was weak and uncertain, and the corroboration consisted of the inherent probability of plaintiff's willingness to accept certain ground in satisfaction of the debt, and the defendant remained away from the sheriff's sale where he could have protected his interest.

It may be that, upon trial, the issue will be which of the parties trusted Weitershausen most, and thus caused

the loss, such as was determined in Powell v. Old Hickory B. & L. Assn., 252 Pa. 587, and Stephenson v. Colonial Life Ins. Co., 67 Pa. Superior Ct. 512, but the court below can control the issues, and the testimony, and we see no injustice to appellant in giving defendants a day in court. There is not such an abuse of discretion as would impel a reversal.

The appeal is dismissed at the costs of appellant.

PORTER and KELLER, JJ., dissent.